1  Ryan L. Eddings, Bar No. 256519
   reddings@littler.com
2  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue
3  Suite 302
   Fresno, California  93704.2225
4  Telephone:  559.244.7500
   Fax No.:      559.244.7525
5
   Attorneys for Defendants FIRST
6  MANAGEMENT SERVICES, LLC; FIRST
   STUDENT, INC.; and FIRST GROUP
7  AMERICA, INC

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12 ABEL PACHECO,                          Case No.

13           Plaintiff,                   **DEFENDANTS FIRST
                                          MANAGEMENT SERVICES, LLC,**
14     v.                                 **and FIRST STUDENT, INC, FIRST
                                          GROUP AMERICA, INC.'S**
15 FIRST MANAGEMENT SERVICES,             **NOTICE OF REMOVAL OF**
   LLC; FIRST STUDENT, INC.; FIRST        **CIVIL ACTION TO FEDERAL**
16 GROUP AMERICA, INC., and DOES 1        **COURT**
   through 100, inclusive,
17                                        Action filed in State Court: 04/19/2022
           Defendants.                    Ventura County Superior Court Case
18                                        Number: 56-2022-00565026-CU-WT-
                                          VTA
19

20

21        **TO THE CLERK OF COURT, TO THE PARTIES, AND TO THE**

22 **PARTIES' COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT**

23 Defendants FIRST MANAGEMENT SERVICES, LLC, FIRST STUDENT, INC., and

24 FIRST GROUP AMERICA, INC. (collectively, "Defendants"), by and through the

25 undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby give

26 notice of removal of this lawsuit from the Superior Court of the State of California,

27 County of Ventura, to the United States District Court for the Central District of

28 California ("Notice of Removal").  In support of this Notice of Removal, Defendants

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

1   respectfully submit to this Honorable Court the following information:

2                    **STATEMENT OF JURISDICTION (DIVERSITY)**

3          1.      Removal jurisdiction exists because this Court has original

4    jurisdiction over Plaintiff ABEL PACHECO's ("Plaintiff") Complaint pursuant to 28

5    U.S.C. § 1332, and which may be removed to this Court pursuant to 28 U.S.C. § 1441,

6    as it is a civil action in which neither Plaintiff nor any Defendants are citizens of the

7    same state and in which the amount in controversy exceeds $75,000, exclusive of

8    interest and costs (Diversity Jurisdiction). Here, Plaintiff was a citizen of California at

9    the time the Complaint was filed in the Ventura County Superior Court and is not

10   currently a citizen of either Delaware or Ohio. At the time Plaintiff's Complaint was

11   filed, and also as of the time of this Removal, Defendant FIRST MANAGEMENT

12   SERVICES, LLC is a citizen of Delaware and Ohio.  Defendant FIRST STUDENT,

13   INC. is a Delaware corporation with its principal place of business in Cincinnati, Ohio.

14   Defendant FIRST GROUP AMERICA, INC. is a Delaware corporation with its

15   principal place of business in Cincinnati, Ohio.   As set forth herein, this case meets all

16   of the requirements for removal, is timely, and is properly removed by the filing of this

17   Notice.

18                         **STATE COURT ACTION**

19         2.      On or about April 19, 2022, Plaintiff filed this action in the Ventura

20   County Superior Court, titled *Abel Pacheco, Plaintiff, vs. First Management Services,*

21   *LLC; First Student, Inc.; First Group America, Inc.; and Does 1 to 100, Defendants*,

22   Case Number 56-2022-00565026-CU-WT-VTA, which is attached hereto as Exhibit A.

23   The Complaint was served on Defendants on May 4, 2022. See concurrently-filed

24   Declaration of Ryan L. Eddings ("Eddings Decl."), at ¶ 2.

25         3.      Plaintiff's Complaint purports to assert five causes of action against

26   Defendants for: (i) perceived and/or physical disability harassment, discrimination and

27   retaliation in violation of California Government Code §§12940 *et seq.*; (ii) violation of

28   California Labor Code §§1102.5 *et. Seq.*; (iii) violation of California Labor Code §98.6

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT                    2

1  *et. Seq.*; (iv) retaliation and wrongful termination in violation of public policy; and (v)
2  for declaratory with the request for a permanent injunction.

3      4.    Defendants filed a General Denial and Affirmative Defenses to
4  Plaintiff's Complaint on or about June 1, 2022. A true and correct copy of the General
5  Denial and Affirmative Defenses to Plaintiff's Complaint is attached hereto as Exhibit
6  B.

7      5.    The remaining submissions in this action remaining on file with the
8  Ventura County Superior Court are attached hereto as Exhibit C.

9  **TIMELINESS OF NOTICE OF REMOVAL**

10      6.    An action may be removed from state court by filing a notice of
11  removal, together with a copy of all process, pleadings, and orders served on the
12  defendant, within 30 days of defendant receiving an "initial pleading setting forth the
13  claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).
14  Here, Plaintiff served the Complaint on May 4, 2022. Eddings Decl., at ¶ 2. Therefore,
15  Defendants can remove this action up to June 4, 2022. See FED. R. CIV. P. 6(a)
16  (explaining that "the last day of the period shall be included, "but if the last day is a
17  Saturday, Sunday, or legal holiday, the period continues to run until the end of the next
18  day that is not a Saturday, Sunday, or legal holiday.").

19  **VENUE**

20      7.    Pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1441, venue is
21  proper in the United States District Court for the Central District of California insofar
22  as Defendants conducts business within Ventura County, California, which is where
23  Plaintiff was employed, where the instant action was originally filed, and which is
24  within this Court's jurisdiction.

25  **NOTICE TO PLAINTIFF**

26      8.    As required by 28 U.S.C. § 1446(d), Defendants provided written
27  notice of the filing of this Notice of Removal to Plaintiff. See Defendants' Notice to
28  Plaintiff of Removal to Federal Court, attached hereto as Exhibit D.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

3

1    **NOTICE TO THE SUPERIOR COURT**

2        9.    Defendants also filed its Notice of Removal with the Clerk of the

3    Ventura County Superior Court, attached hereto as Exhibit E.

4    **FACTS AND LAW SUPPORTING DIVERSITY JURISDICTION**

5        10.    This action is a civil action of which this Court has original

6    jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by

7    Defendants pursuant to the provisions of 28 U.S.C. § 1441(b). Specifically, this is a

8    civil action between citizens of different states and the matter in controversy exceeds

9    the sum of $75,000, exclusive of interest and costs, because Plaintiff claims that he is

10   entitled to an award in excess of $75,000 as result of Defendants' alleged conduct.

11       **A.    Citizenship of Parties**

12       11.    Defendants are informed and believe that Plaintiff is a citizen and

13   resident of the State of California. See Complaint, ¶ 1 ("At all times mentioned herein,

14   Plaintiff was, and now is, an individual residing in the County of Ventura, State of

15   California.").

16       12.    For diversity purposes, "a corporation shall be deemed to be a

17   citizen of every State and foreign state by which it has been incorporated and of the

18   State or foreign state where it has its principal place of business …"  28 USC §

19   1332(c)(1).  "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is

20   the citizenship of its members."  Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.

21   1998); Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir.

22   2006).  At the time Plaintiff's Complaint was filed, and also as of the time of this

23   Removal, Defendant FIRST MANAGEMENT SERVICES, LLC is a citizen of

24   Delaware and Ohio, because it is a wholly-owned subsidiary of First Student, Inc..  At

25   the time Plaintiff's Complaint was filed, and also as of the time of this Removal,

26   Defendant FIRST STUDENT, INC. is a Delaware corporation with its principal place

27   of business in Cincinnati, Ohio.  At the time Plaintiff's Complaint was filed, and also

28   as of the time of this Removal, Defendant FIRST GROUP AMERICA, INC. is a

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

4

1   Delaware corporation with its principal place of business in Cincinnati, Ohio.   As set
2   forth herein, this case meets all of the requirements for removal, is timely, and is
3   properly    removed    by    the    filing    of    this    Notice.
4   Defendants are citizens of either Delaware or Ohio. See concurrently-filed Declaration
5   of Brian Beechem in Support of Defendants' Notice of Removal ("Beechem Decl."), at
6   ¶ 3.   Defendants are not citizens of California.

7          **B.          Amount in Controversy**

8          13.      Where the Complaint leaves the amount in controversy unclear or
9   ambiguous, the defendant has the burden of proving by a preponderance of evidence
10  that the amount in controversy exceeds $75,000. See <u>Singer v. State Farm Mutual Auto.</u>
11  <u>Ins. Co.</u>, 116 F.3d 373, 376 (9th Cir. 1997). This framework requires the removing
12  defendant to establish that the plaintiff's total damages "more likely than not" exceed
13  the jurisdictional amount.  <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 399 (9th Cir.
14  1996). In measuring the amount in controversy, the Court must assume that the
15  allegations of the Complaint are true and that a jury will return a verdict in favor of
16  Plaintiff on all claims asserted in the Complaint. <u>Kenneth Rothschild Trust v. Morgan</u>
17  <u>Stanley Dean Witter</u>, 199 F.Supp.2d 1001 (C.D. Cal. 2002). Economic damages, non-
18  economic damages, general damages, attorneys' fees and costs, and punitive damages
19  all are included in determining the amount in controversy. See <u>Galt G/S v. JSS</u>
20  <u>Scandinavia</u>, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees
21  included in determining the amount in controversy where potentially recoverable by
22  statute); <u>Gonzales v. CarMax Auto Superstores, LLC</u>, 840 F.3d 644, 648 (9th Cir. 2016)
23  (stating that compensatory and punitive damages are included in determining the
24  amount in controversy).

25          14.      Here, Defendants reasonably and in good faith believe that the
26  amount put in controversy herein exceeds the jurisdictional requirement of 28 U.S.C. §
27  1332(a). Should Plaintiff prevail on his claims for violations of wrongful termination in
28  violation of public policy, Plaintiff would be entitled to recover the amount he would

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

1   have earned up to the present date, including benefits or pay increases. <u>See Wise v.</u>
2   <u>Southern Pac. Co.</u>, 1 Cal.3d 600, 607 (1970).

3       15.    Here, Plaintiff alleges that he was employed by Defendants from
4   August of 2018 through to his termination on or about May 24, 2021. Complaint, ¶ 7.
5   Plaintiff's last rate of pay was $28.34 per hour. Beechem Decl., ¶ 4. Plaintiff tended to
6   40 hours per week while employed by Defendants. Beechem Decl., ¶ 4. Plaintiff seeks
7   lost income from the date of her termination on May 24, 2021, through to the present
8   and into the future. Complaint, Pg. 19:6-11 (*e.g.*, "WHEREFORE Plaintiff ABEL-
9   PACHECO prays for judgment against the Defendants and DOES 1 through 100,
10  inclusive, and each of them as follows: . . . For loss of earnings, according to proof . .
11  ."). As of the date of this Notice of Removal, it has been approximately 53 weeks since
12  the Plaintiff's separation of employment with Defendant. Complaint, ¶ 20 ("On or about
13  May 24, 2022, Defendants . . . terminated Plaintiff . . ."). Given Plaintiff's rate of pay,
14  Plaintiff alleges to have suffered at least $60,080.80 in damages in the form of lost
15  income as of the date of this filing ($28.34 x 40 hours x 53 weeks), with the damages
16  continuing into the future through trial continuing at least the rate of $1,133.60 per week
17  ($28.34 x 40 hours).

18      16.    Plaintiff also seeks damages for emotional distress.  Complaint, ¶ 31
19  (seeking relief for "permanent emotional and mental distress and anguish humiliation,
20  embarrassment, fright, shock, pain, discomfort and anxiety.") Plaintiff's claim for
21  severe emotional distress damages further augments the foregoing amounts and
22  demonstrates that the jurisdictional prerequisite for removal of this action is met.  <u>See</u>
23  <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295, 298 (5th Cir. 1999) (claims for pain,
24  suffering and humiliation properly may be factored into the jurisdictional analysis for
25  purposes of removal). Although Defendants dispute that Plaintiff is entitled to any such
26  award, plaintiffs in employment cases have been awarded substantial sums for
27  emotional distress. See, *e.g.,* <u>Swinton v. Potomac Corp.</u>, 270 F.3d 794 (9th Cir. 2001),
28  cert. denied, 535 U.S. 1018 (2002) (award of $30,000); <u>Dotson v. United States</u>, 87 F.3d

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

6

682 (5th Cir. 1996) (award of $25,000). In <u>Kroske v. U.S. Bank Corp.</u>, 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." <u>Id.</u> at 980. A similar result is compelled here, as Plaintiff expressly seeks damages for emotional distress and lost wages are at issue. Thus, based on <u>Kroske</u> and other analogous cases, the emotional distress component of Plaintiff's claims is likely to add at least $25,000 to the amount in controversy, if not more. The foregoing, when taken together with Plaintiff's claims for lost wages, punitive damages and attorney's fees, establishes that the plaintiff's total damages more likely than not will exceed the jurisdictional amount of $75,000.

17.   Additionally, Plaintiff seeks an award of attorneys' fees in connection with his claims for violation of various provisions of the California Government Code. Complaint, Pg. 19:6-14 (*e.g.*, Plaintiff ABEL-PACHECO prays for judgement against the Defendants . . . as follows: . . . For reasonable attorney fees and costs of said suit as specifically provided in California Government Code §12965(b), according to proof . . ."). Attorney's fees are also included in the amount in controversy calculation when the underlying claims permit recovery of attorneys' fees. <u>Galt G/S, supra</u>, 142 F.3d at 1156. While Plaintiff's attorneys' fees cannot be calculated precisely, it is reasonable to assume that they could exceed a damages award. <u>Simmons v. PCR Technology</u>, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys' fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount in controversy analysis); <u>Fritsch v. Swift Transportation Company of Arizona, LLC.</u>, 2018 WL 3748667, at *2 (9th Cir. 2018) (in deciding amount in controversy issue, court may estimate the amount of reasonable attorneys' fees like to be recovered by plaintiff if he were to prevail). Moreover, past

cases indicate that the award of attorneys' fees alone could reach or exceed the jurisdictional amount of $75,000. See <u>Mitchell v. GigOptix, LLC</u>, H036131, at *30 (Cal. Ct. App. Nov. 29, 2011) (noting the trial court's attorneys fee award of $45,017.15, representing one-fourth of the total fees, for just the claims of unpaid wages, unpaid vacation, and unpaid meal breaks).

18.     The amount in controversy also includes punitive damages unless (1) punitive damages are not recoverable as a matter of state law, and (2) it is a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount. See <u>Anthony, supra</u>, 75 F.3d at 315; <u>St. Paul Reinsurance Co., Ltd. v. Greenberg</u> (5th Cir. 1998) 134 F.3d 1250, 1253-1254. Here, Plaintiff alleges that he is entitled to punitive damages for Defendants' willful, wanton, malicious, intentional and oppressive conduct, but does not provide a total amount of the alleged punitive damages sought. See Complaint ¶¶ 33, 50, 61, 75. With respect to punitive damages, California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and a defendant's net worth. <u>Boyle v. Lorimar Productions, Inc.</u>, 13 F.3d 1357 (9th Cir. 1994). Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail on his claims, the punitive damages alone could exceed the jurisdictional minimum.

19.     Thus, while Defendants' position is that Plaintiff is not entitled to damages in any amount, the total amount in controversy appears to be, at a minimum, over $75,000 as of the date of this Notice of Removal. This sum is reflective of a potential amount in controversy of at least $60,080.80 in lost income to date (if not more), $25,000 in emotional distress damages, and a possible award of punitive damages as well as additional compensation continuing wages. In addition, Plaintiff's request for attorney's fees and the addition of any prejudgment and post-judgment interest make it more likely than not that the total amount in controversy exceeds the

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

8

1  jurisdictional amount of $75,000.

2        20.    Consequently, the requirements of 28 U.S.C. § 1332(a) have been

3  met in that the amount in controversy exceeds $75,000.00, exclusive of interest and

4  costs, and because this is a civil action between citizens of different states.

5        WHEREFORE, pursuant to 28 U.S.C. §1332, 1441, and 1446, Defendants

6  remove this case from the Superior Court of the State of California, County of Orange,

7  to the United States Court for the Central District of California.

8  Dated:     June 2, 2022

9                LITTLER MENDELSON, P.C.

10

11  _____

12                Ryan L. Eddings

13                Attorneys for Defendants
                 FIRST MANAGEMENT SERVICES,
                 LLC; STUDENT, INC.; and FIRST

14                GROUP AMERICA, INC

15  4872-9553-0019.1 / 999999-3014

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT      9

# EXHIBIT "A"

1  VADIM YEREMENKO, ESQ. (State Bar No. 269804)
   vadimy@mamlaw.net
2  IMRAN RAHMAN, ESQ. (State Bar No. 308148)
   irahman@mamlaw.net
3  ALEX HADJIAN, ESQ. (State Bar No. 327534)
   ahadjian@mamlaw.net
4  MANCINI & ASSOCIATES
   A Professional Law Corporation
5  15303 Ventura Boulevard, Suite 600
   Sherman Oaks, CA 91403
6
   (818) 783-5757  Phone
7  (818) 783-7710  Fax

8  Attorneys for Plaintiff ABEL PACHECO

Electronically
FILED
by Superior Court of California
County of Ventura
04/19/2022
Brenda L. McCormick
Executive Officer and Clerk

Cristal Alvarez
Deputy Clerk

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                   FOR THE COUNTY OF VENTURA

12  ABEL PACHECO,                          )  Case No.  56-2022-00565026-CU-WT-VTA
                                           )
13              Plaintiff,                 )  PLAINTIFF'S COMPLAINT FOR
                                           )  DAMAGES:
14       vs.                               )
                                           )  (1)   FOR PERCEIVED AND/OR
15                                         )        PHYSICAL DISABILITY
                                           )        HARASSMENT,
16  FIRST MANAGEMENT SERVICES, LLC;        )        DISCRIMINATION AND
    FIRST STUDENT, INC.;                   )        RETALIATION IN VIOLATION
17  FIRSTGROUP AMERICA, INC.;              )        OF CALIFORNIA
    and DOES 1 through 100, Inclusive,     )        GOVERNMENT CODE §§12940
18                                         )        ET SEQ. [FEHA];
                Defendants.                )
19                                         )  (2)   FOR VIOLATION OF
                                           )        CALIFORNIA LABOR CODE
20                                         )        §§1102.5 ET SEQ.
                                           )        [Whistleblower Statute];
21                                         )
                                           )  (3)   FOR VIOLATION OF
22                                         )        CALIFORNIA LABOR CODE
                                           )        §98.6 ET SEQ.;
23                                         )
                                           )  (4)   FOR RETALIATION AND
24                                         )        WRONGFUL TERMINATION
                                           )        IN VIOLATION OF PUBLIC
25                                         )        POLICY;
                                           )
26                                         )  (5)   FOR DECLARATORY RELIEF
                                           )        [Permanent Injunction
27                                         )        Requested];
                                           )
28                                         )   JURY TRIAL DEMANDED

                                    1
               PLAINTIFF'S COMPLAINT FOR DAMAGES

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428D93187 DATE PAID: 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428D93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNLIMITED JURISDICTION.
CASE VALUE IN EXCESS OF
$25,000.00**

**COMES NOW** Plaintiff **ABEL PACHECO** (hereinafter referred to as "PACHECO," or "Plaintiff") and complains against the above-named Defendants and for causes of action against the Defendants, and each of them, and alleges as follows:

I.

**FIRST CAUSE OF ACTION**

**(For Perceived and/or Mental Disability**

**Harassment, Discrimination and Retaliation in Employment**

**[California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

1.     At all times mentioned herein, Plaintiff was and now is, an individual residing in the County of Ventura, State of California.

2.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant FIRST MANAGEMENT SERVICES, LLC (hereinafter collectively referred to with all other Defendants as "Defendants") was, and now is, a Delaware limited liability company, duly registered and licensed to do business in the County of Ventura, State of California.

3.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant FIRST STUDENT, INC. (hereinafter collectively referred to with all other Defendants as "Defendants") was, and now is, a Delaware corporation, duly registered and licensed to do business in the County of Ventura, State of California.

4.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant FIRSTGROUP AMERICA, INC. (hereinafter collectively referred to with all other Defendants as "Defendants") was, and now is, a Delaware corporation, duly registered and licensed to do business in the County of Ventura, State of California.

5.     Plaintiff is ignorant of the true names and capacities, whether corporate, associate, successor, alter ego, fictitious, individual or otherwise, of Defendants sued herein as DOES 1 –

2

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names.

2  Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of

3  the fictitiously-named Defendants when the same have been ascertained. Plaintiff is informed and

4  believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally

5  responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities

6  hereinafter alleged and caused injuries and damages proximately thereby to Plaintiff, as hereinafter

7  alleged.

8         6.       Plaintiff is informed and believes, and thereon alleges, that at all times relevant

9  herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent,

10 principal, owner, partner, subsidiary, wholly owned subsidiary, partially owned subsidiary, joint

11 venturer, joint employer, direct employer, special employer, client employer, labor contractor, alter

12 ego, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the

13 other Defendants, and was at all times mentioned herein acting within the course and scope of said

14 agency and employment, and that all acts or omissions alleged herein were duly committed with

15 the ratification, knowledge, permission, encouragement, authorization and consent of each

16 Defendant designated herein.

17        7.       At all times herein mentioned, from about August 6, 2018, until Plaintiff's wrongful

18 termination on or about May 24, 2021, Plaintiff was employed by Defendants and DOES 1 through

19 100, inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's

20 employers, managers and supervisors.

21        8.       At all times herein alleged, Plaintiff had the perceived and/or mental disability(s) of

22 stress, anxiety, depression, and associated conditions.

23        9.       Beginning in or about April of 2021, and continuing, Plaintiff developed and/or

24 aggravated and/or sustained perceived and/or mental disability(s) including, but not limited to,

25 stress, anxiety, depression, and associated conditions.

26        10.      Plaintiff placed Defendants and DOES 1 through 100, inclusive, and each of them,

27 on notice of Plaintiff's disability(s).

28 ///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428093187 DATE PAID: 04/28/22 2:54 PM TOTAL: 435.00 TYPE: EFT

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 122042809318 7 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

11. On or about April 7, 2021, Plaintiff went to the emergency room and his treating doctor placed him off work for several days. Plaintiff provided Defendants and DOES 1 through 100, inclusive, and each of them, with a doctor's note detailing his need for time off. Plaintiff's supervisor, David Tellefsen, confirmed receiving the note.

12. On or about April 12, 2021, Defendants and DOES 1 through 100, inclusive, and each of them, initiated a workers' compensation claim for Plaintiff and sent him to a company doctor for diagnosis and treatment.

13. On or about April 26, 2021, Plaintiff retained a workers' compensation attorney to assist him with his claim.

14. Despite Plaintiff providing Defendants and DOES 1 through 100, inclusive, and each of them, with doctor's notes taking him off work, David Tellefsen repeatedly called Plaintiff telling him that Plaintiff was a no call/no show and instructing Plaintiff to return to work. Plaintiff returned to work.

15. Prior to May 12, 2021, Plaintiff observed multiple safety issues with buses while performing routine inspections, including exhaust leaks, bad batteries, and worn down brakes. Plaintiff notified his shop manager, John, about these issues. Plaintiff observed that when parts were not immediately available to make the necessary repairs, the buses were not placed out of order. Shockingly, John then complained to David Tellefsen about Plaintiff, alleging that he was refusing to make the necessary repairs, despite the fact that parts were not available.

16. On or about May 12, 2021, Plaintiff was inspecting a bus and noticed that it needed new front brakes and rotors as the pads were so worn down, they were "metal on metal". Concerned about the condition of the bus, Plaintiff placed it out of service and notified the dispatcher that the bus would be placed out of service. Plaintiff also contacted Jose Iniguez, the technician who previously inspected this particular bus to inquire why the bus was not placed out of service due to the need for new brakes and rotors.

17. On or about May 13, 2021, Jose Iniguez aggressively confronted Plaintiff about the issue with the bus in front of shop manager John.

///

4

PLAINTIFF'S COMPLAINT FOR DAMAGES

18. On or about May 14, 2021, Defendants and DOES 1 through 100, inclusive, and each of them, placed Plaintiff on an administrative leave due to Plaintiff allegedly violating company and safety policies by "reporting incorrect data on [Plaintiff's] vehicle inspection and maintenance reports." The notice placing Plaintiff on administrative leave was signed by David Tellefsen.

19. On or about May 17, 2021, Plaintiff sent Defendants and DOES 1 through 100, inclusive, and each of them, a formal complaint regarding perceived safety violations at the company stemming from buses not being placed out of order when serious issues were discovered during routine inspections. Plaintiff also provided his version of the May 12, 2021 and May 13, 2021 incidents. Plaintiff sent David Tellefsen a copy of the formal complaint.

20. On or about May 24, 2021, Defendants and DOES 1 through 100 inclusive, and each of them, wrongfully terminated Plaintiff for the false and/or pretextual reason that Plaintiff violated company and safety policies by "reporting incorrect data on [Plaintiff's] vehicle inspection and maintenance reports."

21. Plaintiff is informed and believes, and thereon alleges, that Defendants and DOES 1 through 100, inclusive, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual.

22. At all times herein alleged, Plaintiff was a qualified disabled worker with one or more perceived and/or mental disability(s), who could perform the essential duties of Plaintiff's job with or without an accommodation, and without causing harm to Plaintiff and/or Plaintiff's fellow employees, and who was entitled to preferential reassignment.

23. From about April 7, 2021, and continuing at least through May 24, 2021, and, continuing, Defendants and DOES 1 through 100, inclusive, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or mental disability(s) by the following continuous actions, and conduct, among others:

a. Failing to determine the extent of Plaintiff's disability(s) and how they could be accommodated;

///

[5]

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428093187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428093187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

b.   Failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations;

c.   Subjecting Plaintiff to increased scrutiny and disciplinary actions;

d.   On or about May 14, 2021, placing Plaintiff on an administrative leave;

e.   On or about May 24, 2021, retaliating against and wrongfully terminating Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff violated company and safety policies by reporting incorrect data on [Plaintiff's] vehicle inspection and maintenance reports;

f.   Plaintiff is informed and believes, and thereon alleges, that Defendants and DOES 1 through 100, inclusive, and each of them, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual;

g.   Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or disability(s), as herein alleged;

h.   Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff requesting and/or taking and/or being entitled to CFRA and/or other lawful medical leave, as herein alleged;

i.   Failing to rehire and/or reemploy Plaintiff.

24.   The acts and conduct of Defendants and DOES 1 through 100, inclusive, and each of them, as aforesaid, were in violation of California Government Code §12940 et seq. Said statutes impose certain duties upon Defendants and DOES 1 through 100, inclusive, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or mental disability and the prohibition of perceived and/or mental disability, harassment, discrimination and retaliation. Said statutes were intended to prevent the type of injury and damage mental disability(s), and within the protected class covered by California Government Code §12940, prohibiting perceived and/or mental disability, harassment, discrimination and retaliation in employment.

25.   By the acts and conduct described above, Defendants and DOES 1 through 100, inclusive, and each of them, in violation of said statutes, knew about, or should have known about,

6

PLAINTIFF'S COMPLAINT FOR DAMAGES

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 122042BD93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

1  and failed to investigate and/or properly investigate, prevent or remedy the perceived and/or mental
2  disability harassment, retaliation and discrimination. The acts of discrimination, retaliation and
3  harassment described herein were sufficiently pervasive so as to alter the conditions of
4  employment, and created an abusive working environment. When Plaintiff was harassed,
5  discriminated against and retaliated against, Plaintiff's perceived and/or mental disability(s) and/or
6  complaints about the unlawful conduct were a substantial factor motivating and/or motivating
7  reasons in Defendants' conduct.

8      26.    Plaintiff filed timely charges and complaints of perceived and/or physical disability
9  harassment, retaliation and discrimination with the California Department of Fair Employment and
10 Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to
11 California Government Code §12965(b). Plaintiff has therefore exhausted Plaintiff's
12 administrative remedies under the California Government Code. Attached hereto and incorporated
13 herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof.
14 Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by
15 reference hereto are made a part hereof.

16     27.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100,
17 inclusive, and each of them, Plaintiff has been directly and legally caused to suffer actual damages
18 pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future
19 earning capacity, medical and related expenses for care and procedures both now and in the future,
20 attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek
21 leave of court to amend when ascertained.

22     28.    As a direct and legal result of the acts and omissions of Defendants and DOES 1
23 through 100, inclusive, and each of them, Plaintiff was rendered sick, sore, lame, disabled and
24 disordered, both internally and externally, and suffered, among other things, numerous internal
25 injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said
26 injuries are not known to Plaintiff, who will pray leave of court to insert the same when they are
27 ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries,
28 but is informed and believes, and thereon alleges, that some of the said injuries are reasonably

7

1  certain to be permanent in character.

2      29.    As a further legal result of the acts and omissions of Defendants and DOES 1

3  through 100, inclusive, and each of them, Plaintiff has been forced to incur expenses for medical

4  care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and

5  believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the

6  same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to

7  show the exact amount of said expenses at the time of trial.

8      30.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

9  since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and

10  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

11  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

12  which is at present unascertained. Plaintiff will pray leave of court to show the total amount of

13  loss of earnings at the time of trial.

14      31.    As a further direct and legal result of the acts and conduct of Defendants and DOES

15  1 through 100, inclusive, and each of them, as aforesaid, Plaintiff has been caused, and did suffer,

16  and continues to suffer severe and permanent emotional and mental distress and anguish,

17  humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and

18  extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the

19  same when they are ascertained.

20      32.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

21  this court.

22      33.    The aforementioned acts of Defendants and DOES 1 through 100, inclusive, and

23  each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were

24  done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done

25  by managerial agents and employees of Defendants and DOES 1 through 100, inclusive, and each

26  of them, and with the express knowledge, consent, and ratification of managerial agents and

27  employees Defendants and DOES 1 through 100, inclusive, and each of them, thereby justifying

28  the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 122042BD93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

34.    As a result of the discriminatory acts of Defendants and DOES 1 through 100, inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965(b).

## II

## SECOND CAUSE OF ACTION

### (Violation Of California Labor Code §1102.5 (Whistle-Blower Statute)
### Against all Defendants and DOES 1-100, Inclusive)

35.    Plaintiff incorporates herein by reference Paragraphs 1 through 34 of this Complaint as though set forth in full herein.

36.    During the period of Plaintiff's employment with Defendants and DOES 1 through 100, inclusive, and each of them, and continuing, Plaintiff observed, noticed, was subjected to and made numerous and repeated complaints to employees, managers, supervisors and managing agents of Defendants and DOES 1 through 100, inclusive, and each of them, of multiple safety issues with buses, including exhaust leaks, bad batteries, and worn down brakes, and that when parts were not immediately available to make the necessary repairs, the buses were not placed out of order.

37.    On or about May 12, 2021, Plaintiff was inspecting a bus and noticed that it needed new front brakes and rotors as the pads were so worn down they were "metal on metal." Concerned about the condition of the bus, Plaintiff placed it out of service and notified the dispatcher that the bus would be placed out of service. Plaintiff also contacted Jose Iniguez, the technician who previously inspected this particular bus, to inquire why the bus was not placed out of service due to the need for new brakes and rotors.

38.    On or about May 13, 2021, Jose Iniguez aggressively confronted Plaintiff about the issue with the bus in front of shop manager John.

39.    On or about May 14, 2021, Defendants and DOES 1 through 100, inclusive, and each of them, placed Plaintiff on an administrative leave due to Plaintiff allegedly violating company and safety policies by "reporting incorrect data on [Plaintiff's] vehicle inspection and maintenance reports." The notice placing Plaintiff on administrative leave was signed by David

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428D93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

1    Tellefsen.

2        40.    On or about May 17, 2021, Plaintiff sent Defendants and DOES 1 through 100,

3    inclusive, and each of them, a formal complaint regarding perceived safety violations at the

4    company stemming from buses not being placed out of order when serious issues were discovered

5    during routine inspections. Plaintiff also provided his version of the May 12, 2021 and May 13,

6    2021 incidents. Plaintiff sent David Tellefsen a copy of the formal complaint.

7        41.    Defendants and DOES 1 through 100, inclusive, and each of them, believed that

8    Plaintiff did or might disclose information to a law enforcement or government agency, or to a

9    person with authority over Plaintiff or another employee who has the authority to investigate,

10   discover, or correct the violation or noncompliance, or would provide information to, or testify

11   before, any public body conducting an investigation, hearing, or inquiry.

12       42.    By the acts herein alleged and in violation of California Labor Code §1102.5,

13   Defendants and DOES 1 through 100, inclusive, and each of them, made, adopted, and enforced

14   rules, regulations, and policies preventing Plaintiff from disclosing information to government and

15   law enforcement agencies, where Plaintiff had reasonable cause to believe that Plaintiff's

16   employer, Defendants and DOES 1 through 100, inclusive, and each of them, were violating labor,

17   employment, safety, whistleblower and other laws.

18       43.    In retaliation for Plaintiff's disclosures to the Defendants and DOES 1 through 100,

19   inclusive, and each of them, that they were in violation of the aforementioned laws, as herein

20   alleged, Defendants and DOES 1 through 100, inclusive, and each of them, instead wrongfully

21   terminated Plaintiff on or about May 24, 2021, in violation of California Labor Code §1102.5.

22   When Plaintiff was wrongfully terminated, Plaintiff's complaints of violations of State and/or

23   Federal law was/were a contributing factor and/or reason in Plaintiff's termination.

24       44.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100,

25   inclusive, and each of them, has been directly and legally caused to suffer actual damages pursuant

26   to California Civil Code §3333 including, but not limited to, loss of earnings and future earning

27   capacity, medical and related expenses for care and procedures both now and in the future,

28   attorney's fees, and other pecuniary loss not presently ascertained, for which plaintiff will seek

PLAINTIFF'S COMPLAINT FOR DAMAGES

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428D93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 12204280093187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

1 | leave of court to amend when ascertained.

2 | 45. As a direct and legal result of the acts and omissions of Defendants and DOES 1

3 | through 100, inclusive, and each of them, Plaintiff was rendered sick, sore, lame, disabled and

4 | disordered, both internally and externally, and suffered, among other things, numerous internal

5 | injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said

6 | injuries are not known to the plaintiff, who will pray leave of court to insert the same when they

7 | are ascertained. Plaintiff does not at this time know the exact duration or permanence of said

8 | injuries, but is informed and believes, and thereon alleges, that some of the said injuries are

9 | reasonably certain to be permanent in character.

10 | 46. As a further legal result of the acts and omissions of the Defendants and DOES 1

11 | through 100, inclusive, and each of them, Plaintiff has been forced to incur expenses for medical

12 | care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and

13 | believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses

14 | of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court

15 | to show the exact amount of said expenses at the time of trial.

16 | 47. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

17 | since said incidents,Plaintiff has been unable to engage fully in Plaintiff's occupation, and is

18 | informed and believes, and thereon alleges, that he will be incapacitated and unable to perform

19 | Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an

20 | amount which is at present unascertained. Plaintiff will pray leave of court to show the total

21 | amount of loss of earnings at the time of trial.

22 | 48. As a further direct and legal result of the acts and conduct of Defendants, as

23 | aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

24 | emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

25 | discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to

26 | Plaintiff, who will pray leave of court to assert the same when they are ascertained.

27 | 49. Plaintiff has been generally damaged in an amount within the jurisdictional limits of

28 | this court.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

1     50.    The aforementioned acts of Defendants and DOES 1 through 100, inclusive, and

2 each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were

3 done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done

4 by managerial agents and employees of Defendants and DOES 1 through 100, inclusive, and each

5 of them, and with the express knowledge, consent, and ratification of managerial agents and

6 employees of Defendants and DOES 1 through 100, inclusive, and each of them, thereby justifying

7 the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

8     51.    As a result of the discriminatory acts of Defendants and DOES 1 through 100,

9 inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and

10 costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

11     **III.**

12     **THIRD CAUSE OF ACTION**

13     **(For Violation of California Labor Code §98.6 et seq.]**

14     **Against All Defendants and DOES 1 Through 100, Inclusive)**

15     52.    Plaintiff incorporates herein by reference Paragraphs 1 through 51 as though set

16 forth in full herein.

17     53.    Defendants' and DOES 1 through 100, inclusive, and each of their actions and

18 conduct were in direct violation of California Labor Code §98.6 et seq., making it unlawful to (a)

19 "discharge...or in any manner discriminate, retaliate, or take any adverse action against any

20 employee...because the employee...engaged in any conduct delineated in [California Labor Code

21 §1102.5 et seq.]...or because of the exercise by the employee...on behalf of himself...or others...of

22 any rights afforded him..."

23     54.    When Defendants and DOES 1 through 100, inclusive, and each of them,

24 discriminated against, retaliated against and wrongfully terminated Plaintiff, they did so because

25 Plaintiff complained under California Labor Code §1102.5 et seq. about multiple safety issues with

26 buses, including exhaust leaks, bad batteries, and worn down brakes, and that when parts were not

27 immediately available to make the necessary repairs, the buses were not placed out of order.

28 ///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428093187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 12204280931187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

55.     By the aforesaid acts and conduct of Defendants and DOES 1 through 100, inclusive, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

56.     As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, inclusive, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

57.     As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, inclusive, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

58.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

59.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

13

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #: 56-2022-00565026-CU-WT-VTA RECEIPT #: 122042BD93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

1  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

2  discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to

3  plaintiff, who will pray leave of court to assert the same when they are ascertained.

4      60.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

5  this court.

6      61.    The aforementioned acts of Defendants and DOES 1 through 100, inclusive, and

7  each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were

8  done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done

9  by managerial agents and employees of Defendants and DOES 1 through 100, inclusive, and each

10 of them, and with the express knowledge, consent, and ratification of managerial agents and

11 employees of Defendants and DOES 1 through 100, inclusive, and each of them, thereby justifying

12 the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

13     62.    As a result of the discriminatory acts of Defendants and DOES 1 through 100,

14 inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and

15 costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

16     63.    As a result of the discriminatory acts of Defendants and DOES 1 through 100,

17 inclusive, and each of them, as alleged herein, Plaintiff is entitled to reinstatement and

18 reimbursement of lost wages and work benefits as specifically provided in California Labor Code

19 §98.6(b)(2).

20     64.    As a result of the discriminatory acts of Defendants and DOES 1 through 100,

21 inclusive, and each of them, as alleged herein, Plaintiff is entitled to a civil penalty in the amount

22 of $10,000.00 as specifically provided in California Labor Code §98.6(b)(3).

23                                    IV.

24                        **FOURTH CAUSE OF ACTION**

25        (For Retaliation and Wrongful Termination in Violation of Public Policy

26                 Against All Defendants and DOES 1 -100, Inclusive)

27     65.    Plaintiff incorporates herein by reference Paragraphs 1 through 64 as though set

28 forth in full herein.

66.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12940 was to prohibit employers from discriminating, harassing, and retaliating against any individual based on perceived and/or mental disability(s). This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating, retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination, retaliation and harassment, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §12940 et seq., and the laws and regulations promulgated thereunder.

67.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Labor Code §1102.5, was to prohibit employers from discriminating against, retaliating against and terminating any individual on the grounds of their complaining of unlawful activity or refusing to commit an unlawful act (i.e. retaliation for complaints of time card fraud and deceit, or the rights afforded employees under California Labor Code §98.6 et seq.) This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating, harassing and retaliating and constructively terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Labor Code §1102.5, et seq., and the laws and regulations promulgated thereunder.

68.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Labor Code §98.6 was to prohibit employers from discriminating and retaliating against any individual based on their complaints of unfair labor and/or employment practices, or the right afforded them under the California Labor Code, including whistleblowing laws and complaining about potential and/or actual violations of State

PLAINTIFF'S COMPLAINT FOR DAMAGES

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428093187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

1  and/or Federal law. This public policy of the United States is designed to protect all employees

2  and to promote the welfare and well-being of the community at large. Accordingly, the actions of

3  Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating, retaliating

4  and terminating Plaintiff on the grounds of stated above, or for complaining about such

5  discrimination and retaliation, was wrongful and in contravention and violation of the express

6  public policy of the State of California, to wit, the policy set forth in California Labor Code §98.6,

7  and the laws and regulations promulgated thereunder.

8       69.     By the aforesaid acts and conduct of Defendants and DOES 1 through 100,

9  inclusive, and each of them, Plaintiff has been directly and legally caused to suffer actual damages

10  pursuant to California Civil Code §3333 including, but not limited to: loss of earnings and future

11  earning capacity, medical and related expenses for care and procedures both now and in the future,

12  attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

13  leave of court to amend when ascertained.

14       70.     As a direct and legal result of the acts and omissions of Defendants and DOES 1

15  through 100, inclusive, and each of them, Plaintiff was rendered sick, sore, lame, disabled and

16  disordered, both internally and externally, and suffered, among other things, numerous internal

17  injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said

18  injuries are not known to Plaintiff, who will pray leave of court to insert the same when they are

19  ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries,

20  but is informed and believes, and thereon alleges, that some of the said injuries are reasonably

21  certain to be permanent in character.

22       71.     As a further legal result of the acts and omissions of Defendants and DOES 1

23  through 100, inclusive, and each of them, Plaintiff has been forced to incur expenses for medical

24  care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and

25  believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the

26  same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to

27  show the exact amount of said expenses at the time of trial.

28  ///

16

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220042809318T DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428D93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

72.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

73.    As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 100, inclusive, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

74.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

75.    The aforementioned acts of Defendants and DOES 1 through 100, inclusive, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, inclusive, and each of them, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, inclusive, and each of them, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

76.    As a result of the discriminatory acts of Defendants and DOES 1 through 100, inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

**V.**

**FIFTH CAUSE OF ACTION**

**(For Declaratory Relief Against All Defendants and DOES 1-100, Inclusive)**

77.    Plaintiff incorporates herein by reference Paragraphs 1 through 76 as though set

17

1  forth in full herein.

2      78.    Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a

3  trial and verdict in this matter, Plaintiff hereby requests this Court issue an affirmative and binding

4  Declaration of Rights and Duties pursuant to the recent ruling in *Harris v. City of Santa Monica*,

5  (2013) 56 C.4th 203, declaring that Defendants and DOES 1 through 100, inclusive, and each of

6  them, their successors, agents, representatives, employees and all persons who acted alone, or in

7  concert with said Defendants and DOES 1 through 100, inclusive, and each of them, committed

8  acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not

9  limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved

10  and/or shown at the time of the ruling(s) and/or verdict(s), and as prohibited by the Fair

11  Employment and Housing Act, California Government Code §§12900 – 12996, and any other

12  applicable laws, cases, codes, regulations and statutes.

13      79.    At the time of the request for Declaratory Relief, there exists and/or will exist a

14  present and actual controversy among the parties.

15      80.    This Complaint, and the relevant causes of action herein, specifically plead an

16  actual, present controversy, and the facts of the respective and underlying claims.

17      81.    At the time of the request for Declaratory Relief, the facts of this case will have

18  congealed to the point that the Court can determine issues and grant relief through Declaratory

19  Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.

20      82.    As a result of the wrongful acts of Defendants and DOES 1 through 100, inclusive,

21  and each of them, as alleged herein, Plaintiff requests that this Court issue an Order and Ruling

22  permanently enjoining Defendants and DOES 1 through 100, inclusive, and each of them, their

23  successors, agents, representatives, employees and all persons who acted alone, or in concert with,

24  said Defendants and DOES 1 through 100, inclusive, and each of them, from committing acts and

25  conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited

26  to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown

27  at the time of the ruling(s) and/or verdict(s), and as prohibited by the Fair Employment and

28  Housing Act, California Government Code §§12900 – 12996, and any other applicable laws, cases,

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428D93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

1 | codes, regulations and statutes!

2 |     83.     As a result of the wrongful conduct of Defendants and DOES 1 through 100,

3 | inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and

4 | costs of said suit as specifically provided in California Government Code § 12965(b) and as

5 | specifically mentioned in *Harris* v. *City of Santa Monica* (2013) 56 C 4th 203.

6 |     **WHEREFORE,** Plaintiff **ABEL PACHECO** prays for judgment against the Defendants

7 | and DOES 1 through 100, inclusive, and each of them, as follows:

8 |     1.     For general damages in an amount within the jurisdictional limits of this

9 |         Court;

10 |     2.     For medical expenses and related items of expense according to proof;

11 |     3.     For loss of earnings, according to proof;

12 |     4.     For loss of earning capacity, according to proof;

13 |     5.     For reasonable attorneys' fees and costs of said suit as specifically provided

14 |         in California Government Code §12965(b), according to proof;

15 |     6.     For reasonable attorneys' fees and costs of said suit as specifically provided

16 |         in California Code of Civil Procedure §1021.5, according to proof;

17 |     7.     For reinstatement and reimbursement of lost wages and work benefits as

18 |         specifically provided in California Labor Code §98.6(b)(2);

19 |     8.     For a civil penalty in the amount of $10,000.00 as specifically provided in

20 |         California Labor Code §98.6(b)(3)

21 |     9.     For a permanent injunction against Defendants, and each of them, their

22 |         successors, agents, representatives, employees and all persons who acted

23 |         alone, or in concert with said Defendants, and each of them, from

24 |         committing acts and conduct of harassment, discrimination, retaliation, or

25 |         other similar acts including, but not limited to, the violations alleged in all of

26 |         the relevant Causes of Action herein, and as proved and/or shown at the time

27 |         of the ruling(s) and/or verdict(s), and as prohibited by the Fair Employment

28 |         and Housing Act, California Government Code §§12900 - 12996, and any

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #56-2022-00565026-CU-WT-VTA RECEIPT #: 12204280893187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #:1220428D93187 DATE PAID :04/28/22 2:54 PM TOTAL :435.00 TYPE :EFT

other applicable laws, cases, codes, regulations and statutes;

10. For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965(b) and as specifically mentioned in *Harris v. City of Santa Monica* (2013) 56 C 4th 203;

11. For prejudgment interest according to proof;

12. For punitive and exemplary damages, according to proof;

13. For costs of suit incurred herein; and

14. For such other and further relief as the court may deem just and proper.

Dated: April 19, 2022

MANCINI & ASSOCIATES
A Professional Law Corporation

By:_____
VADIM YEREMENKO, ESQ.
Attorneys for Plaintiff
**ABEL PACHECO**

## DEMAND FOR JURY TRIAL

Plaintiff **ABEL PACHECO** hereby demands trial by jury.

Dated: April 19, 2022

MANCINI & ASSOCIATES
A Professional Law Corporation

By:_____
VADIM YEREMENKO, ESQ.
Attorneys for Plaintiff
**ABEL PACHECO**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428D93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

# EXHIBIT "A"

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428D93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

**COMPLAINT OF EMPLOYMENT-DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of

Abel Pacheco                                                    DFEH No. 202106-13973723

[Complainant,

vs.

First Management Services, LLC
600 Vine Street, Suite 1400
Cincinnati, Ohio 45202

First Student, Inc.
600 VINE STREET, SUITE 1400
CINCINNATI, Ohio 45202

Firstgroup America Inc.,
600 Vine Street, Suite 1400
Cincinnati, Ohio 45202

Respondents

1. Respondent **First Management Services, LLC** is an employer **First Management Services,** LLC subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.)

2. Complainant is naming **First Student, Inc.** business as Co-Respondent(s). Complainant is naming **Firstgroup America, Inc.** business as Co-Respondent(s).

3. Complainant **Abel Pacheco,** resides in the City of **Santa Paula,** State of **California.**

4. Complainant alleges that on or about **May 24, 2021,** respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental).

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, reprimanded, suspended, denied reasonable accommodation for a disability.

-1-

Complaint – DFEH No. 202106-13973723

Date Filed: June 23, 2021

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

1

2   **Complainant experienced retaliation** because complainant requested or used a disability-
related accommodation and as a result was terminated, reprimanded, suspended, denied

3   reasonable accommodation for a disability.

4   **Additional Complaint Details:** From about February of 2019 and continuing at least
through May 24, 2021, and continuing, I was harassed, discriminated against and retaliated

5   against based on my perceived and/or mental disability(s) (stress, anxiety, depression, and
associated conditions).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                    -2-
                          *Complaint – DFEH No. 202106-13973723*

28   Date Filed: June 23, 2021

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428D93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

1  VERIFICATION

2  I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint. I have read
3  the foregoing complaint and know the contents thereof. The matters alleged are
   based on information and belief, which I believe to be true.

4
5  On June 23, 2021, I declare under penalty of perjury under the laws of the State of
   California that the foregoing is true and correct.

6
                                                          **Sherman Oaks, California**
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              -3-
                                    Complaint - DFEH No. 202106-13973723

28  Date Filed: June 23, 2021

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428D93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

# EXHIBIT "B"

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428D93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 23, 2021

Abel Pacheco
317 Craig Drive
Santa Paula, California 93060

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202106-13973723
      Right to Sue: Pacheco / First Management Services, LLC et al.

Dear Abel Pacheco:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 23, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5-19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428D93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428D93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 23, 2021

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202106-13973723
Right to Sue: Pacheco / First Management Services, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5-19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.21, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH's Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,

Department of Fair Employment and Housing

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 122042BD93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Abel Pacheco                                              DFEH No. 202106-13973723

                                    Complainant,

vs.

First Management Services, LLC
600 Vine Street, Suite 1400
Cincinnati, Ohio 45202

First Student, Inc.
600 VINE STREET, SUITE 1400
CINCINNATI, Ohio 45202

Firstgroup America, Inc.
600 Vine Street, Suite 1400
Cincinnati, Ohio 45202

                                    Respondents

1. Respondent **First Management Services, LLC** is an **employer First Management Services, LLC** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **First Student, Inc.** business as Co-Respondent(s).
Complainant is naming **Firstgroup America, Inc.** business as Co-Respondent(s).

3. Complainant **Abel Pacheco**, resides in the City of **Santa Paula**, State of **California.**

4. Complainant alleges that on or about **May 24, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental).

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, reprimanded, suspended, denied reasonable accommodation for a disability.

Date Filed: June 23, 2021

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428D93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

1

2  **Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated, reprimanded, suspended, denied reasonable accommodation for a disability.

3

4  **Additional Complaint Details:** From about February of 2019 and continuing at least through May 24, 2021, and continuing, I was harassed, discriminated against and retaliated against based on my perceived and/or mental disability(s) (stress, anxiety, depression, and associated conditions).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-2-

27  Complaint – DFEH No. 202106-13973723

28  Date Filed: June 23, 2021

1 | VERIFICATION

2 | I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint. I have read
3 | the foregoing complaint and know the contents thereof. The matters alleged are
based on information and belief, which I believe to be true.

4 | On June 23, 2021, I declare under penalty of perjury under the laws of the State of
5 | California that the foregoing is true and correct.

6 | **Sherman Oaks, California**

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 | -3-

[Complaint – DFEH No. 202106-13973723]

28 | Date Filed: June 23, 2021

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428093187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428D93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

### PROOF OF SERVICE

STATE OF CALIFORNIA,     }   ss.
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

On **June 24, 2021**, I served the foregoing document described as **RIGHT TO SUE NOTICE** and **COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** on the interested party or parties in this action by certified mail, placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED MAILING LIST

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

Executed on **June 24, 2021**, at Sherman Oaks, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



HERMINA AVAKIAN

MAILING LIST

First Management Services, LLC.
2889 W. 5th Street
Oxnard, CA 93030

First Management Services, LLC
600 Vine Street, Suite 1400
Cincinnati, OH 45202

First Management Services, LLC
c/o CT Corporation
818 W. 7th Street, Suite 930
Los Angeles, CA 90017

First Student, Inc.
600 Vine Street, Suite 1400
Cincinnati, OH 45202

First Student, Inc.,
c/o CT Corporation
818 W. 7th Street, Suite 930
Los Angeles, CA 90017

Firstgroup America Inc.
600 Vine Street, Suite 1400
Cincinnati, OH 45202

Firstgroup America Inc.
c/o CT Corporation
818 W. 7th Street, Suire 930
Los Angeles, CA 90017

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

CASE #:56-2022-00565026-CU-WT-VTA RECEIPT #: 1220428D93187 DATE PAID : 04/28/22 2:54 PM TOTAL : 435.00 TYPE : EFT

# EXHIBIT "B"

1  Ryan L. Eddings, Bar No. 256519
   reddings@littler.com
2  Alejandra Gallegos, Bar No. 340320
   agallegos@littler.com
3  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue, Suite 302
4  Fresno, California  93704
   Telephone:    559.244.7500
5  Facsimile:    559.244.7525

6  Attorneys for Defendants FIRST MANAGEMENT
   SERVICES, LLC; FIRST STUDENT, INC.; and FIRST
7  GROUP AMERICA, INC.

8

9

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                        COUNTY OF VENTURA

13

14  ABEL PACHECO,                        Case No.  56-2022-00565026-CU-WT-VTA

15              Plaintiff,               **DEFENDANTS' GENERAL DENIAL
                                         AND AFFIRMATIVE DEFENSES**
16         v.
                                         ASSIGNED FOR ALL PURPOSES TO
17  FIRST MANAGEMENT SERVICES, LLC;      JUDGE HENRY WALSH
    FIRST STUDENT, INC.; FIRST GROUP
18  AMERICA, INC., and DOES 1 through 100,
    inclusive,
19                                       Trial Date: TBD
              Defendants.               Complaint Filed:   April 19, 2022
20

21

22         Defendant FIRST MANAGEMENT SERVICES, LLC, FIRST STUDENT, INC., and

23  FIRST GROUP AMERICA, INC. (collectively, "Defendants"), answering the Complaint of Plaintiff

24  ABEL PACEHCO, an individual ("Plaintiff"), for themselves alone and for no other Defendants,

25  hereby answers Plaintiff's unverified Complaint (the "Complaint") as follows:

26                              **GENERAL DENIAL**

27         Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d),

28  Defendants deny generally and specifically each and every allegation contained in the Complaint. In

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 3205
559.244.7500

VENTURA
SUPERIOR COURT
**FILED**
JUN 0 1 2022
BRENDA L. McCORMICK
Executive Officer and Clerk
By:_____, Deputy
**VANESSA CISNEROS**

addition, Defendants deny that Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of said Defendants.

## AFFIRMATIVE DEFENSES

Without altering, waiving or excusing the burden of proof of Plaintiff, or admitting that Defendants have any burden of proof or persuasion, and incorporating herein by reference each and every allegation made in the General Denial, Defendants assert the following affirmative defenses. Defendants do not presently know all the facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal facts in support of the following:

### FIRST AFFIRMATIVE DEFENSE

1.      As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

3.      As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

4.      As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

5.      As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

6.      As a separate and distinct affirmative defense, Defendants allege that the

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2

Defendants' General Denial and Affirmative Defenses

1  Complaint and each cause of action set forth therein are barred by the doctrine of consent.

2  **SEVENTH AFFIRMATIVE DEFENSE**

3  7.    As a separate and distinct affirmative defense, Defendants allege that to the

4  extent further investigation and discovery reveal any after-acquired evidence that bars all or certain

5  remedies in this action, the Complaint and each cause of action set forth therein cannot be maintained

6  against Defendants, and/or Plaintiff is barred from recovering damages or any other remedy by reason

7  of such after-acquired evidence.

8  **EIGHTH AFFIRMATIVE DEFENSE**

9  8.    As a separate and distinct affirmative defense, Defendants allege that Plaintiff

10  failed to take a reasonable affirmative action to mitigate Plaintiff's damages as they are alleged in the

11  Complaint, and thus Plaintiff's recovery from Defendants, if any, must be denied or reduced to the

12  extent that Plaintiff has failed to mitigate Plaintiff's damages.

13  **NINTH AFFIRMATIVE DEFENSE**

14  9.    As a separate and distinct affirmative defense, Defendants allege that any

15  recovery to which Plaintiff might other be entitled must be denied or reduced by reason of Plaintiff's

16  contributory or comparative negligence and/or intentional conduct, because Plaintiff failed to exercise

17  reasonable and ordinary care, caution or prudence in order to avoid the alleged incidents, and the

18  alleged injuries and damages, if any, were proximately caused and/or contributed to by Plaintiff's own

19  negligence and/or intentional conduct.

20  **TENTH AFFIRMATIVE DEFENSE**

21  10.    As a separate and distinct affirmative defense, Defendants allege that the

22  Complaint and each cause of action set forth therein are barred, in whole or in part, because the alleged

23  damages or losses sustained by Plaintiff, if any, resulted from causes other than any act or omission

24  on the part of Defendants, including but not limited to, negligence and/or intentional conduct and/or

25  omissions of third parties and/or entities.

26  **ELEVENTH AFFIRMATIVE DEFENSE**

27  11.    As a separate and distinct affirmative defense, Defendants allege that Plaintiff's

28  claims for damages are barred, in whole or in part, by the doctrine of avoidable consequences.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

3

Defendants' General Denial and Affirmative Defenses

**TWELFTH AFFIRMATIVE DEFENSE**

12.     As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that Plaintiff's claims are barred by Plaintiff's own breach of the duties owed to Defendants under all applicable state and federal laws, including, but not limited to, California Labor Code sections 2854, 2856, 2858, and/or 2859.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred, in whole or in part, because, even if any discriminatory, retaliatory or otherwise unlawful motive existed in connection with any actions taken with respect to Plaintiff (which Defendants deny), Defendants would have engaged in the same conduct absent any alleged discriminatory, retaliatory or otherwise unlawful motive.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     As a separate and distinct affirmative defense, Defendants allege that any employment practice maintained by Defendants, to the extent such practice may have impacted Plaintiff with respect to any alleged protected status under the Fair Employment and Housing Act, is justified either as a bona fide occupational qualification, by business necessity (including undue hardship), by job relatedness, by security regulations, by non-discrimination or affirmative action plans and/or by requirement of law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     As a separate and distinct affirmative defense, Defendants allege, without admitting that Defendant engaged in any of the acts or omissions alleged in the Complaint, that any such acts or omissions purportedly taken by or on behalf of Defendants were taken in good faith as a result of business necessity, for lawful, legitimate, non-discriminatory, and non-retaliatory reasons without malice, oppression, or fraud, and/or based on the relevant facts and circumstances known to Defendants at the time they acted.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     As a separate and distinct affirmative defense, Defendants allege that the

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

4

Defendants' General Denial and Affirmative Defenses

Complaint and each cause of action set forth therein are barred, in whole or in part, because Defendants acted reasonably in good faith, in conformity with and in reliance on written administrative regulations, orders, rulings, guidelines, approvals, and/or interpretations of governmental agencies, and on the basis of a good-faith and reasonable belief that Defendants had complied fully with applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein cannot be maintained against Defendants because Defendants' acts or omissions alleged in the Complaint were protected by the managerial privilege as all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith, and for legitimate, lawful reasons.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     As a separate and distinct affirmative defense, Defendants allege that any unlawful or wrongful acts, if any, taken by Defendants' officers, directors, managing agents, and/or employees were outside the course and scope of their employment and authority, and such acts, if any, were not authorized, ratified, or condoned by Defendants, and Defendants did not know and/or should not have known of such conduct.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred by Plaintiff's failure to exhaust all internal grievance and/or complaint procedures.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred by Plaintiff's failure to exhaust administrative remedies.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred, in whole or in part, to the extent that

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

5

Defendants' General Denial and Affirmative Defenses

they exceed the scope of the charges made by Plaintiff before the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission, if any.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein cannot be maintained against Defendants because Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to those set forth in California Government Code sections 12960 and 12965 and California Code of Civil Procedure sections 335.1, 338(a), 339(1), and 340(c).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein seeking recovery for the alleged physical, mental, and/or emotional distress injuries are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, *et seq*., and California Labor Code section 132(a) to the extent that (a) an employee/employer relationship existed subject to workers' compensation coverage; (b) Defendants provided workers' compensation insurance at no cost to Plaintiff; (c) Plaintiff's conduct was within the course and scope of Plaintiff's employment; and, (d) the alleged injuries, if any, were proximately caused by the employment, and accordingly, this Court lacks subject matter jurisdiction over said claims.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred, in whole or in part, because at all relevant times: (a) Defendants acted in good faith and exercised reasonable care to prevent and promptly correct any discriminatory, retaliatory, or otherwise unlawful behavior (which Defendants deny occurred), including but not limited to promulgating and maintaining anti-discrimination, anti-retaliation and/or open-door policies with an internal grievance and/or complaint procedure, which were communicated to Plaintiff; (b) Plaintiff unreasonably failed to take advantage of the established internal grievance and/or complaint procedure and any preventive or corrective opportunities provided by the employer or to otherwise avoid harm; and, (c) Plaintiff's reasonable use of Defendants'

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

procedures as required by Defendants' employment policies would have prevented at least some, if not all, of the purported harm that Plaintiff allegedly suffered.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Defendants allege that some or all of Plaintiff's claims for damages are barred by the doctrine of set-off.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     As a separate and distinct affirmative defense, Defendants allege that any recovery to which Plaintiff might otherwise allegedly be entitled must be offset, denied, or reduced by any benefits, monies, and/or compensations that Plaintiff had received or will receive from any other sources, including but not limited to unemployment insurance, private insurance, pension benefits, workers' compensation, and any sums earned by Plaintiff in other employment.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff has failed to state a claim upon which relief may be granted, which includes, *inter alia*, recovery of costs of suit and attorneys' fees, penalties, compensatory damages, punitive damages, and special and incidental damages.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff is not entitled to recover punitive, exemplary, and/or emotional distress damages on the grounds that any award of punitive, exemplary, or emotional distress damages under California law in general, and/or as applied to the facts of this specific action, violates Defendant's constitutional rights under provisions of the United States and California Constitutions, including but not limited to the equal protection and due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, and Article I, Sections 7 and 17 and Article IV, Section 16 of the California Constitution.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

is precluded from recovering punitive damages from Defendants, because: (a) any actions, conducts, statements, or omissions alleged in the Complaint were not taken with advance knowledge, conscious disregard, authorization, or ratification of malice, oppression, or fraud on the part of Defendant or any officer, director, or managing agent thereof; (b) Defendants' good faith efforts to prevent discrimination, retaliation, and otherwise unlawful behavior bars any award of punitive damages; and, (c) the Complaint and each cause of action set forth therein fail to plead facts sufficient to support the recovery of punitive damages under the applicable provisions of California Civil Code section 3294, or such other statutes of similar effect that may be applicable. (See Cal. Civ. Code § 3294(b).)

## THIRTIETH AFFIRMATIVE DEFENSE

30.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action alleged therein cannot be maintained against Defendant because the resolution of Plaintiff's Complaint is substantially dependent on analysis of a Collective Bargaining Agreement that governs Plaintiff's employment, and is therefore preempted by Section 301 of the Labor Management Relations Act, 1947, 29 U.S.C. § 185(a).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action alleged therein cannot be maintained against Defendants insofar as those claims are preempted by the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, and therefore this Court lacks subject matter jurisdiction over said claims.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants allege that because the Complaint is couched in conclusory terms, all affirmative defenses that may be applicable cannot be fully anticipated.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.  In addition, Defendant reserves the right to amend this Answer should Defendants later discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in the law support the inclusion of new and/or additional affirmative defenses.

## JURY DEMAND

Defendants demand a jury on all issues triable to a jury.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

8

Defendants' General Denial and Affirmative Defenses

## **<u>PRAYER</u>**

WHEREFORE, Defendants pray as follows:

1.     That Plaintiff takes nothing by way of the Complaint on file herein;

2.     That judgment be awarded in favor of Defendants;

3.     That Plaintiff's Complaint be dismissed in its entirety as to Defendants;

4.     That Defendant be awarded all costs of suit incurred by Defendants in this action;

5.     That Defendants be awarded their reasonable attorneys' fees; and,

6.     For such other and further relief as the Court may deem just and proper.

Dated: June 1, 2022

LITTLER MENDELSON, P.C.

Ryan L. Eddings
Alejandra Gallegos
Attorneys for Defendants
FIRST MANAGEMENT SERVICES, LLC;
FIRST STUDENT, INC.; and FIRST GROUP
AMERICA, INC.

4869-2830-3137.1 / 999999-3014

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

9

Defendants' General Denial and Affirmative Defenses

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On June 1, 2022, I served the within document(s):

DEFENDANTS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number . The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Fresno, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is eherrera@littler.com.

MANCINI & ASSOCIATES
Vadim Yeremenko
vadimy@manlaw.net
Imran Rahman
irahman@manlaw.net
Alex Hadjian
ahadjian@manlaw.net
15303 Ventura Boulevard, Suite 600
Sherman Oaks, CA 91403
Phone 818-783-5757
Fax 818-783-7710
Attorneys for Plaintiff Abel Pacheco

PROOF OF SERVICE

1     I am readily familiar with the firm's practice of collection and processing

2 correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

3 would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited

4 in an overnight delivery service pick-up box or office on the same day with postage or fees thereon

5 fully prepaid in the ordinary course of business.

6

7     I declare that I am employed in the office of a member of the bar of this court at whose

direction the service was made.  Executed on June 1, 2022, at Fresno, California.

8

9

10     */s/ Erendira Herrera*
Erendira Herrera

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2     PROOF OF SERVICE

# EXHIBIT "C"

Ventura Superior Court Accepted through eDelivery submitted 04-19-2022 at 11:19:58 AM

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** FIRST MANAGEMENT SERVICES, LLC,
*(AVISO AL DEMANDADO):* FIRST STUDENT, INC., FIRSTGROUP
AMERICA, INC., and DOES 1 through 100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** ABEL PACHECO,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically**
**FILED**
by Superior Court of California
County of Ventura
**04/19/2022**
Brenda L. McCormick
Executive Officer and Clerk

Cristal Alvarez
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* VENTURA COUNTY SUPERIOR COURT 800 South Victoria Avenue Ventura, California, 93009 | **CASE NUMBER** *(Número del Caso):* 56-2022-00565026-CU-WT-VTA |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Vadim Yeremenko, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MANCINI & ASSOCIATES
15303 Ventura Blvd., Suite 600, Sherman Oaks, CA, 91403          (818) 783-5757

DATE: 04/19/2022          Brenda L. McCormick          Clerk, by          Cristal Alvarez          Deputy
*(Fecha)*                                               *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify):* First Student Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*:



Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF VENTURA

**800 South Victoria Avenue**
**Ventura , CA 93009**
**(805) 289-8525**
WWW.VENTURA.COURTS.CA.GOV

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: **56-2022-00565026-CU-WT-VTA**

Your case has been assigned for all purposes to the judicial officer indicated below.
**A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.**

| ASSIGNED JUDICIAL OFFICER | COURT  LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Henry Walsh | Ventura | 42 |
| **HEARING** | | |

| EVENT DATE | EVENT TIME | EVENT DEPT/ROOM |
|---|---|---|
| | | |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

**APPEARANCE AT THE ABOVE HEARING IS MANDATORY.**
**Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties.  If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).**
**If proof of service and/or request for entry of default have not been filed:  At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed  (CCP 177.5, Local Rule 3.17).**

**Advance Jury Fee Requirement**

At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department.  Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**

Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670.  In addition, see Local Rule 7.01 regarding notice to the teleconference provider.  The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Date:  04/28/2022

Clerk of the Court,

By: _~cristal alvarez~_____
Cristal  Alvarez,  Clerk

VEN-FNR082

**NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE**

# EXHIBIT "D"

1   Ryan L. Eddings, Bar No. 256519
    reddings@littler.com
2   Alejandra Gallegos, Bar No. 340320
    agallegos@littler.com
3   LITTLER MENDELSON, P.C.
    5200 North Palm Avenue
4   Suite 302
    Fresno, California  93704.2225
5   Telephone:     559.244.7500
    Fax No.:        559.244.7525
6
    Attorneys for Defendants
7   FIRST MANAGEMENT SERVICES, LLC, FIRST
    STUDENT INC., and FIRST GROUP AMERICA, INC.
8

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                              COUNTY OF VENTURA

11

| | |
|---|---|
| 12  ABEL PACHECO, | Case No.  56-2022-00565026-CU-WT-VTA |
| 13              Plaintiff, | **DEFENDANTS' NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| 14       v. | |
| 15  FIRST MANAGEMENT SERVICES, LLC; FIRST STUDENT, INC.; FIRST GROUP | |
| 16  AMERICA, INC.; and DOES 1 through 100, Inclusive, | Action filed in State Court: 04/19/2022 Ventura County Superior Court Case |
| 17              Defendants. | Number: 56-2022-00565026-CU-WT-VTA |
| 18 | |
| 19 | |

20             TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

21             PLEASE TAKE NOTICE that on June 2, 2022, Defendants FIRST MANAGEMENT

22   SERVICES, LLC, FIRST STUDENT, INC., and FIRST GROUP AMERICA, INC. ("Defendants"),

23   filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, in the United States District

24   Court for the Central District of California. A true and correct copy of Defendants' Notice of Removal

25   is attached hereto as Exhibit 1.

26   / / /

27   / / /

28   / / /

1    Dated: June 2, 2022

2

3                                           LITTLER MENDELSON, P.C.

4                                           _____
                                            Ryan L. Eddings
5                                           Alejandra Gallegos

6                                           Attorneys for Defendants
                                            FIRST MANAGEMENT SERVICES, LLC,
7                                           FIRST STUDENT INC., and FIRST GROUP
                                            AMERICA, INC.

8
     4895-4511-8499.1 / 999999-3014
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
    5200 North Palm Avenue
         Suite 302
   Fresno, CA  93704.2225
       559.244.7500

                                              2
                       '    DEFENDANTS' NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# EXHIBIT "1"

# EXHIBITS HERETO EXCERPTED TO AVOID FILING OF DUPLICATIVE PAPERS

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On June 2, 2022, I served the within document(s):

DEFENDANTS' NOTICE TO PLAINTIFF OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

☐    by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number . The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Fresno, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒    Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is lhammond@littler.com.

PROOF OF SERVICE

MANCINI & ASSOCIATES
Vadim Yeremenko
vadimy@mamlaw.net
Imran Rahman
irahman@mamlaw.net
Alex Hadjian
ahadjian@mamlaw.net
Hermina Avakian
havakian@mamlaw.net
15303 Ventura Boulevard, Suite 600
Sherman Oaks, CA 91403
Phone 818-783-5757
Fax 818-783-7710
Attorneys for Plaintiff Abel Pacheco

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on June 2, 2022, at Fresno, California.


*/s/ Lisa Hammond*
Lisa Hammond

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2                                    PROOF OF SERVICE

# EXHIBIT "E"

1  | Ryan L. Eddings, Bar No. 256519
2  | reddings@littler.com
   | Alejandra Gallegos, Bar No. 340320
3  | agallegos@littler.com
   | LITTLER MENDELSON, P.C.
4  | 5200 North Palm Avenue
   | Suite 302
5  | Fresno, California 93704.2225
   | Telephone:   559.244.7500
6  | Fax No.:      559.244.7525

7  | Attorneys for Defendants FIRST STUDENT, INC.,
   | FIRST MANAGEMENT SERVICES, LLC AND FIRST
8  | GROUP AMERICA, INC.

9

10 |                  SUPERIOR COURT OF CALIFORNIA

11 |                       COUNTY OF VENTURA

12

ABEL PACHECO,                          Case No. 56-2022-00565026-CU-WT-VTA

13

                Plaintiff,             **DEFENDANTS' NOTICE TO STATE**
14                                     **COURT OF REMOVAL OF CIVIL**
       v.                              **ACTION**

15

FIRST MANAGEMENT SERVICES, LLC;
16 | FIRST STUDENT, INC.; FIRSTGROUP
   | AMERICA, INC.; and DOES 1 through 100
17 | inclusive,

18 |                Defendants,

19

20 |        TO THE CLERK OF THE ABOVE-TITLED COURT:

21 |            PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing

22 | of a Notice of Removal in the United States PLEASE TAKE NOTICE that on June 2, 2022, the above-

23 | captioned matter was removed from the Superior Court of the State of California, County of Orange,

24 | where it was previously pending, to the United States District Court for the Central District of

25 | California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  A copy of the Notice of Removal filed by

26 | Defendants FIRST MANAGEMENT SERVICES, LLC, FIRST STUDENT, INC., and FIRST

27 | GROUP AMERICA, INC. is attached hereto as Exhibit 1.

28 | / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

DEFENDANTS' NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION

1    District Court, together with the filing of a copy of a Notice of Filing Notice of Removal

2    with this Court, effects the removal of this action, and this Court may proceed no further unless and

3    until the case is remanded.

4

5    Dated: June 2, 2022

6                                              LITTLER MENDELSON, P.C.

7

8                                              _____
                                               Ryan L. Eddings
9                                              Alejandra Gallegos

10                                             Attorneys for Defendants FIRST STUDENT,
                                               INC., FIRST MANAGEMENT SERVICES,
11                                             LLC and FIRST GROUP AMERICA, INC.

12

13   4867-4817-3091.1 / 999999-3014

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2

DEFENDANTS' NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION

# EXHIBIT "1"

# EXHIBITS HERETO EXCERPTED TO AVOID FILING OF DUPLICATIVE PAPERS

**PROOF OF SERVICE**

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On June 2, 2022, I served the within document(s):

DEFENDANTS' NOTICE TO STATE COURT OF REMOVAL OF
CIVIL ACTION

☐    by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number . The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Fresno, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒    Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is lhammond@littler.com.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

PROOF OF SERVICE

1
2
3
4
5
6
7
8
9

MANCINI & ASSOCIATES
Vadim Yeremenko
vadimy@mamlaw.net
Imran Rahman
irahman@mamlaw.net
Alex Hadjian
ahadjian@mamlaw.net
Hermina Avakian
havakian@mamlaw.net
15303 Ventura Boulevard, Suite 600
Sherman Oaks, CA 91403
Phone 818-783-5757
Fax 818-783-7710
Attorneys for Plaintiff Abel Pacheco

10

11   I am readily familiar with the firm's practice of collection and processing
12 correspondence for mailing and for shipping via overnight delivery service.  Under that practice it
13 would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited
14 in an overnight delivery service pick-up box or office on the same day with postage or fees thereon
15 fully prepaid in the ordinary course of business.

16
17   I declare that I am employed in the office of a member of the bar of this court at whose
direction the service was made.  Executed on June 2, 2022, at Fresno, California.

18
19
20   */s/ Lisa Hammond*
Lisa Hammond

21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2                                   PROOF OF SERVICE